The judgment of the court was pronounced by
Rost, J.
A house and lot belonging to the defendant Lemaitre were sold under a mortgage debt held by Dominique Seghers, and purchased by Henry Kaym, who paid to the sheriff the cash portion of the price.
In the certificate of the recorder of mortgages, read by the sheriff at the time of the sale, it is stated that Lemaitre had leased the house and lot for the term of six years to Elizabeth Suiri, and that the rent had been paid to him for. the whole time.
Elizabeth Suiri having refused to deliver possession of the premises to the purchaser, he withdrew the payment he had made, on giving a receipt by which he bound himself to refund the amount, and to give his notes for the balance as soon as the mortgage resulting from the lease of the property to M’Lle Suiri will be decided to be null and void ; otherwise the adjudication to be considered as null.
The administrator of Dominique Seghers, who has since died, instituted the present to avoid the lease, on the ground that it is in frauden legis, and out of the usual course of business.
The defendants excepted to the petition, on the ground that it showed no cause of action, and that the property mortgaged having been sold at the sheriff’s sale for a sum over and above the amount of the mortgage, with .interest and costs, the plaintiff has no interest in the matter. This exception was sustained in the court below, and the plaintiff appealed.
We are of opinion that the grounds of action assigned are insufficient, by reason of their vagueness and generality; and that the judgment must, for that *264 reason, be affirmed. In making this disposition of the case, it is proper to state that we do not consider the purchaser at the sheriff’s sale as being bound by the lease, because it was mentioned in the certificate of the recorder of mortgages. The sheriff did not sell the property subject to the lease, and the certificate of the recorder was given without authority.
If the lease has not been recorded as required by the act of 1806, or is simulated, the plaintiff may, at the request of the purchaser, undertake to clear the property of that encumbrance even if he was not legally bound to do so; but he must allege his cause of action with sufficient precision to put his adversaries on their defence.
Looseness of practice is a growing evil, which we deem it our duty to remedy.
The judgment is affirmed, with costs.